FILED FEB 17 2009 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

ALLEN WOLFSON,

               Plaintiff,           **TRANSFER ORDER**

   -against-

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF
JUSTICE OFFICE OF INFORMATION AND
PRIVACY,

Case: 1:09-cv-00304
Assigned To : Huvelle, Ellen S.
Assign. Date : 2/17/2009
Description: FOIA/Privacy Act

               Defendants.
----------------------------------------X

    Plaintiff, proceeding *pro se* and incarcerated at FMC Devens in Ayer, Massachusetts, brings the instant complaint alleging a denial of his request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by the United States Department of Justice.[1] (Compl. ¶ III(A)-(C).) For relief, he seeks "the wire taps that were illegally obtained" as well as "1000 dollars a day for every day his phones were tapped." (Id. ¶ V.) For the foregoing reason, the instant matter is transferred to the United States District Court for the District of Columbia. See 28 U.S.C. § 88.

Discussion

    The FOIA establishes a relatively simple administrative process. Section 552 (a)(6)(A)(i) provides that an agency shall "determine within 20 days . . . after receipt of [a FOIA] request whether to comply . . . and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right . . . to appeal to the head of the agency any adverse determination . . . ." 5 U.S.C. § 552(a)(6)(A)(i). Upon the denial of such request, an appeal to the Office of Information and Privacy, United States Department of Justice may be filed within 60 days of the date of the letter denying the request. 28 C.F.R. § 16.9 (2008). If the person making such a request wishes to seek review by a court of any adverse determination, the requester must first appeal it under this section. Id. "[T]he district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(4)(B).

    Here, plaintiff alleges he exhausted his administrative remedies. (Compl. § III(A) - (C).) Accordingly, it appears he may file an action in district court. The district court in which this action should be filed, however, is not the Southern District of New York, because plaintiff does not reside here and the agency records are held in the District of Columbia.[2] Furthermore,

                                            J. MICHAEL McMAHON,    CLERK

                                                 BY

---

[1] The Court's *Pro Se* Office received plaintiff's complaint on October 7, 2008.

[2] Plaintiff probably filed the instant action because his criminal proceedings were held in this Court. See United States v. Wolfson, No. 02 Cr. 1588 (JGK); United States v. Wolfson, No. 00 Cr. 0628 (JGK). Whether this district maintains any agency records is unclear. It is clear,

because this FOIA action may be filed in the District of Columbia, the Court hereby transfers the matter to the United States District Court for the District of Columbia. 28 U.S.C. § 1406(a); see 5 U.S.C. § 552(4)(B).

Conclusion

The instant action is transferred to the United States District Court for the District of Columbia. 28 U.S.C. § 1406(a); see 5 U.S.C. § 552(4)(B). The Clerk of this Court shall file and docket the complaint without payment of fees. Whether plaintiff should be permitted to proceed further without payment of fees or under the fee payment schedule set forth in the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), signed into law on April 26, 1996, codified at 28 U.S.C. § 1915(a)(2), (b), is a determination to be made by the transferee court. That provision of Rule 83.1 of the Local Rules for the Southern District of New York which requires a five day delay is waived. A summons shall not issue from this Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). This order closes this case.

SO ORDERED.

_____
HAROLD BAER, JR.
United States District Judge

Dated: JAN 1 2 2009
New York, New York

---

clear, however, that the instant action may be filed in the District of Columbia.

2

CLOSED, PRO-SE

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:09-cv-00250-HB
# Internal Use Only

| | |
|---|---|
| Wolfson v. United States of America et al | Date Filed: 01/12/2009 |
| Assigned to: Judge Harold Baer | Date Terminated: 01/12/2009 |
| Cause: 05:552 Right to Privacy Act | Jury Demand: None |
| | Nature of Suit: 895 Freedom of Information Act |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Allen Wolfson**    represented by **Allen Wolfson**
03430-018
FMC Devens
P.O. Box 879
Ayer, MA 01432
PRO SE

J. MICHAEL McMAHON, CLERK

BY _____
    DEPUTY CLERK

V.

**Defendant**

**United States of America**

**Defendant**

**United States Department of Justice
Office and Information and Privacy**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/12/2009 | 1 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Allen Wolfson.(rdz) (Entered: 01/28/2009) |
| 01/12/2009 | 2 | COMPLAINT against United States of America, United States Department of Justice Office and Information and Privacy. Document filed by Allen Wolfson.(rdz) (Entered: 01/28/2009) |
| 01/12/2009 | | Magistrate Judge Henry B. Pitman is so designated. (rdz) (Entered: 01/28/2009) |

| 01/12/2009 | | (Court only) *** Set/Clear Flags *** Added flag(s):Pro-Se. (rdz) (Entered: 01/28/2009) |
|---|---|---|
| 01/12/2009 | 3 | TRANSFER ORDER. this action is hereby transferred to the United States District Court - District of Columbia.That provision of Rule 83.1 of the Local Rules for the Southern District of New York which requires a five day delay is waived. A Summons shall not issue from this Court. Sent original file along with documents numbered 1-3, certified copy of docket entries and transfer order. Mailed via Federal Express AIRBILL # 8663 0804 9290 on 1/28/09. (Signed by Judge Harold Baer on 1/12/09) (rdz) (Entered: 01/28/2009) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<u>ALLEN WOLFSON</u>

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

<u>UNITED STATES OF AMERICA</u>

<u>UNITED STATES DEPARTMENT OF JUSTICE</u>
<u>OFFICE FO INFORMATION AND PRIVACY</u>

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial: ☐ Yes ☒ No
(check one)

**I. Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name   Allen Wolfson 03430-018
Street Address   FMC Devens P.O.BOX 879
County, City   Ayer Massahusetts 01432
State & Zip Code
Telephone Number

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 05/2007*         1

Defendant No. 1    Name  **UNITED STATES OF AMERICA c/o Attorney General**
                   Street Address  **10th Pennsylvania Avenue N.W.**
                   County, City _____
                   State & Zip Code  **Washington D.C. 20530**
                   Telephone Number _____

Defendant No. 2    Name  **OFFICE OF INFORMATION AND PRIVACY U.S Dept of**
                   Street Address  **JUSTICE**
                   County, City _____
                   State & Zip Code  **Washington D.C. 20530**
                   Telephone Number _____

Defendant No. 3    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 4    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*

    ☒ Federal Questions          ☐ Diversity of Citizenship

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?  **Lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)**
    **Disclosure is acts dominant objective**

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

    Plaintiff(s) state(s) of citizenship _____
    Defendant(s) state(s) of citizenship _____

*Rev. 05/2007*                                                  2

III. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? **Plaintiff filed a** request for FOIA information and was denied on appeal from Justice Department

B. What date and approximate time did the events giving rise to your claim(s) occur? **Request made** August 25 2005. Part of the information was released under FOIA on June 16, 2008. Plaintiff appealed request number CRM 200700908P On September 23 2008 Appeal number 08-2211 was denied

C. Facts: On August 25 2005 plaintiff made a request for documents under the FOIA. part of the information was released under FOIA on June 23, 2008. Plaintiff appealed for the remainder of documents On September 23, 2008 Plaintiff's appeal to access to documents denied. Joesph Paul a U.S. attorney was to get survelliance and wire tap of plaintiff alleging that plaintiff was committing crimes. Plaintiff believes that this was done solely to keep tabs of plaintiff. Plaintiff wants all of the wire taps that were done illegally against him. Plaintiff believes that disclosure is the dominant objective of FOIA. Plaintiff feels that the government invaded his privacy and should be forced to turn over what ever they have acquired. Plaintiff needs this information so that he can prove that he did not commit any crimes from ±990 until 2002. This information will also prove that the government has been illegally spying on plaintiff.

[sidebar labels: What happened to you? / Who did what? / Was anyone else involved? / Who else saw what happened?]

IV. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. **None**

V.  Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. __Plaintiff wants all of the wire taps that were illegally obtained. Plaintiff wants to to be financially compensated for the illegal activity of the government in listening to plaintiff's telephone conversation. Plaintiff wants a 1000 dollars a day for every day his phones were tapped.__

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 6 day of October, 20 08

Signature of Plaintiff _Allen Wolfzon_ 03430-018

Mailing Address  FMC Devens Federal Medical Center

P.O.BOX 879

Ayer Massachusetts 01432

Telephone Number

Fax Number *(if you have one)*

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this 6 day of October, 20 08, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _Allen Wolfzon_

Inmate Number  03430-018