# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ALLEN WOLFSON,                              )
Reg. No.03430-018                           )
FMC Butner 2H                               )
P.O.Box 1600                                )
Butner, NC 27509                            )
                                            )
                      Plaintiff,            )
                                            )
            v.                              )    Civil Action No.: 09-CV-0304 (ESH)
                                            )
UNITED STATES OF AMERICA,    )
                                            )
UNITED STATES DEPARTMENT )
OF JUSTICE OFFICE OF             )
INFORMATION AND PRIVACY )
                                            )
                      Defendants.        )

## DECLARATION OF PAMELA A. ROBERTS

I, Pamela A. Roberts, declare the following to be true and correct:

1.    I am an attorney in the Criminal Division of the United States Department of Justice ("DOJ") assigned to the Office of Enforcement Operations. My specific assignment at the present time is that of Deputy Chief of Litigation for the Division's Freedom of Information Act/Privacy Act Unit (FOIA/PA Unit).

2.    In such capacity, my duties are, *inter alia*, to review complaints in lawsuits filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., and the Privacy Act ("PA"), 5 U.S.C. § 552a *et seq*., and to provide litigation support and assistance to Assistant United States Attorneys and to DOJ trial attorneys litigating these cases in District Court. In conjunction with these duties, I review processing files that have

been compiled by the paralegal processors and reviewed by supervisory paralegals and/or by the FOIA/PA Unit Chief in responding to FOIA/PA requests received by the Unit. I also consult with the Unit Chief, who supervises the Unit's processing of FOIA and PA requests, and with the supervisory paralegals to confirm that determinations to withhold or to release records of the Criminal Division have been made in accordance with the provisions of both the FOIA and the PA, and with Department of Justice regulations at 28 C.F.R. § 16.1 *et seq.*

      3.     I make this declaration on the basis of information acquired through the performance of my official duties.

## SUMMARY OF CORRESPONDENCE

      4.     On September 1, 2005, the Criminal Division's FOIA/PA Unit received Plaintiff's "Privacy Act Identification and Request Form" dated August 25, 2005, seeking records concerning himself. Exhibit 1. Plaintiff also included the "Criminal Division's List of Systems of Records Form" on which he indicated the systems of records maintained by the Criminal Division that he wanted searched.

      5.     By letter addressed to the Plaintiff dated September 22, 2005, the Criminal Division acknowledged receipt of Plaintiff's request. The Plaintiff's FOIA/PA request was assigned case number CRM-200500908P.[1] The Plaintiff was advised that the FOIA/PA Unit would conduct a search to determine what records the Criminal Division had that were within the scope of the request. Exhibit 2.

      6.     By letter dated June 16, 2008, the FOIA/PA Unit responded to Plaintiff's

---

[1] In his complaint, Plaintiff mistakenly refers to the number assigned to his request as "CRM-200700908P." Compl., page 3. The correct number is "CRM-200500908P."

2

Privacy Act request of August 25, 2005, for access to records in his name and informed him that sixteen Criminal Division records (Items 1-16) within the scope of his request were located. Of the 16 items, Items 1-5 were released in full and Items 6-14 were released in part. Copies of these items were attached to the Department's letter to Plaintiff. Items 15 and 16 were withheld in full. Material was withheld in part from Items 6-14 and in full from Items 15-16 pursuant to Exemptions 3, 5, 6, 7(C)and 7(D) of the FOIA (5 U.S.C. § 552(b)(3), (5), (6), 7(C) & 7(D)). Plaintiff was advised that a record that originated with the Federal Bureau of Investigation ("FBI") was referred to that Office for processing and a direct reply to Plaintiff. The letter also informed Plaintiff of his right to an administrative appeal. Exhibit 3.[2]

7.      Plaintiff appealed the Criminal Division's response of June 16, 2008, to the Office of Information and Privacy ("OIP"). By letter dated July 10, 2008, OIP acknowledged receipt of the appeal. Exhibit 4.

8.      By letter dated September 23, 2008, OIP responded to Plaintiff's appeal and affirmed the Criminal Division's action on his request. Exhibit 5.

## SEARCH PROCEDURES

9.      In processing requests from individuals seeking information about themselves, the Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records). When a search of this Central Index reflects responsive or potentially responsive records, a search request is sent to the section identified as having custody of the records for such

---

[2] Upon further review, the redactions to Items 12-14 to excise certain initials and employee names have been removed and these items have been released in full and attached to Exhibit 3.

records. In this instance, a search of the JUSTICE/CRM-001 system revealed six separate indexes located in the Federal Records Center. These indexes were ordered and processed.

      10.     In addition, the Criminal Division also affords requesters the opportunity to designate specific Privacy Act systems of records to be searched by means of a form listing the Division's systems of records and a short description of the nature of records maintained in each and allowing requesters to designate specific systems to be searched merely by placing a check mark adjacent to the system description. Here, the Plaintiff requested that searches be undertaken of the following Privacy Act systems: JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records); JUSTICE/CRM-003 (File of Names Checked to Determine if those Individuals have been the Subject of an Electronic Surveillance); JUSTICE/CRM-004 (General Litigation and Legal Advice Section); JUSTICE/CRM-012 (Organized Crime and Racketeering Section); JUSTICE/CRM-017 (Registration and Propaganda Files Under the Foreign Agents Registration Act of 1938, as amended); JUSTICE/CRM-019 (Requests to the Attorney General for Approval of Applications to Federal Judges for Electronic Interceptions); JUSTICE/CRM-021 (The Stocks and Bonds Intelligence Control Card File System); JUSTICE/CRM-022 (Witness Immunity Records); JUSTICE/CRM-024 (Freedom of Information/Privacy Act Records); JUSTICE/CRM-025 (Tax Disclosure Index File and Associated Records); and JUSTICE/CRM -008 (Name Card File on Department of Justice Personnel Authorized to have Access to Classified Files of the Department of Justice). Exhibit 1, page 2.

      11.     Pursuant to long-standing FOIA/PA Unit search procedures, a search sheet with a copy of the request is transmitted to all sections that may have responsive records.

A copy of the "Privacy Act Identification and Request Form" which Plaintiff had completed was forwarded with the search sheets. Exhibit 1. Designated personnel employed in the pertinent sections undertake a search for responsive materials and report the results by means of individual, signed forms to the Criminal Division FOIA/PA Unit. Searches are to be undertaken in the same manner as if the Criminal Division were seeking the information for its own official purposes. By this means, the Criminal Division aims to ensure that its searches fully meet the criteria established under the FOIA and the PA and interpretative decisional law.[3]

12.    I have personally reviewed all of the original, signed search responses in this case, and have verified that all of the Criminal Division's Privacy Act systems of records designated by the Plaintiff were searched. As discussed above, six indexes were located in JUSTICE/CRM-001. Additionally, records were located in JUSTICE/CRM-019, JUSTICE/CRM-022, and JUSTICE/CRM-024.

13.    A total of 16 records were located and processed. As explained above, Items 1-5 and subsequently Items 12-14 were released in full. Items 6-11 were released in part. Items 15-16 were withheld in full. Material was withheld pursuant to Exemptions 3, 5, 6, 7(C) and 7(D) of the FOIA (5 U.S.C. § 552(b)(3), (5), (6), 7(C) & 7(D)).

## EXPLANATION OF EXEMPTIONS

### Exemption 3

---

[3]Unlike the Federal Bureau of Investigation or the Federal Bureau of Prisons, the Criminal Division assigns no special identification numbers to individuals. Nor does it maintain files based on social security numbers. It also does not maintain any field offices outside the Washington, D.C. area. Finally, unlike certain other law enforcement components, the Criminal Division maintains no separate "see reference" or "cross-reference" files requiring separate searches.

14.    FOIA Exemption 3 permits the withholding of information specifically exempted from disclosure by another statute, provided that the statute (A) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.  5 U.S.C. § 552(b)(3).

15.    Title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 U.S.C. §§ 2510-2521 ("Title III") provides a comprehensive statutory scheme regulating both electronic surveillance as an investigative tool as well as the disclosure of information obtained through such surveillance.  Title III imposes clear restraints on the use and disclosure of intercepted communications.  Title III expressly authorizes the recovery of civil damages by individuals whose communications have been disclosed in violation of this statute.  Since "Title III clearly identifies intercepted communications as the subject of its disclosure limitations" it "falls squarely within the scope of subsection (B)'s second prong, as a statute referring to 'particular types of matters to be withheld'"[4] and thus constitutes a valid statutory basis for non-disclosure under Exemption (b)(3)(B).

16.    Pursuant to Exemption 3 and Title III, the Criminal Division's FOIA/PA Unit withheld:

- From Item 6 - seven paragraphs of information concerning the contents of intercepted communications, including direct quotes from these interceptions;

- From Item 7 - eight paragraphs of information concerning the contents of intercepted communications, including direct quotes from these interceptions; and

- From Item 8 - six paragraphs of information concerning the contents of intercepted communications, including direct quotes from these interceptions.

---

[4]Lam Lek Chong v. U.S. Drug Enforcement Administration, 929 F.2d 729, 732-733 (D.C.Cir. 1991).

The FOIA/PA Unit determined that releasing information concerning the contents of

intercepted communications or information derived therefrom would violate the disclosure

prohibitions of Title III and, therefore, withheld this information pursuant to Exemption 3.[5]

## Exemption 5

17.     FOIA Exemption 5 permits the withholding of:

(5) inter-agency or intra-agency memorandums or letters, which would not be
available by law to a party other than an agency in litigation with the agency;

5 U.S.C. § 552(b)(5).

18.     Exemption 5 has been construed to exempt those documents or information

normally privileged in the civil discovery context and includes both the pre-decisional

deliberative process privilege and the attorney work product privilege.

19.     Pursuant to Exemption 5, the Criminal Division's FOIA/PA Unit withheld:

▸     From Item 6 - one paragraph from a memorandum, prepared by Division attorneys,
      recommending that authorization be granted to apply for an order for continued
      interception of oral communications, and seven paragraphs, also prepared by
      Division attorneys, establishing probable cause for the interceptions;

▸     From Item 7 - one paragraph from a memorandum, prepared by Division attorneys,
      recommending that authorization be granted to apply for an order for continued
      interception of oral communications and nine paragraphs, also prepared by Division
      attorneys, establishing probable cause for the interceptions;

▸     From Item 8 - one paragraph from a memorandum, prepared by Division attorneys,
      recommending that authorization be granted to apply for an order for continued
      interception of oral communications and six paragraphs, also prepared by Division
      attorneys, establishing probable cause for the interceptions;

▸     Item 15 - withheld in full.  This is a one-page cover memo dated August 11, 1982,
      that is attached to Item 14 which is a prosecution memo also dated August 11, 1982.
      The cover memo provides a few statements of analysis regarding the prosecution

---

[5]Additionally, all of these paragraphs also qualify for protection under Exemption 5 and are
included in the descriptions of material withheld pursuant to that exemption immediately below.

memo; and

▸   Item 16 - withheld in full.  This document is a 12-page prosecution memorandum prepared on August 11, 1982.  This memorandum identifies the defendants, discusses the proposed charges, summarizes the case, and provides a statement of the law and a statement of the facts including proposed testimony and the anticipated defenses.

20.     The records described above constitute "inter-agency or intra-agency" memoranda and accordingly meet Exemption 5's threshold requirement.

21.     The Division's FOIA/PA Unit withheld Items 6-8 in part and Items 14-15 in full, pursuant to the attorney work-product and deliberative process privileges of Exemption 5.

22.     The attorney work-product privilege protects documents, prepared by an attorney or his/her agent in anticipation of litigation, which reveal the attorney's thought processes, theory of the case, or litigation strategy.  This privilege protects the adversarial trial process by insulating the attorney's preparation from scrutiny.

23.     The records withheld under the attorney work-product privilege of Exception 5 set forth the attorneys' thoughts, impressions, evidence development, legal theory of the case, and facts and issues upon which an attorney could evaluate the case.  It is vital to effective law enforcement efforts that prosecutors be able to candidly commit such information to writing, free of the fear that their analytical processes, investigative strategies, and case evaluations will, at a later time, be made available to the public. Plainly, decisions and analysis regarding requests for the authorization to apply for interception orders under 18 U.S.C. § 2518 constitute sensitive deliberations undertaken by Criminal Division attorneys and their superiors, and are matters in which it is vital to foster an atmosphere in which opinions, analyses and recommendations can be freely exchanged.

8

24.    Inasmuch as the attorney work product privilege incorporated in FOIA
Exemption 5 protects both factual work product and analytical work product from
disclosure, there are no non-exempt portions of these paragraphs to be segregated out and
disclosed.

25.    Public release of the information in these paragraphs would inhibit the
candid, internal discussion essential for efficient and proper litigation preparation.
Similarly, disclosure would provide insight into the agency's general strategic and tactical
approach to prosecuting cases and would consequently harm the very adversarial process
which Exemption 5 is designed to protect.

26.    Additionally, these materials also qualify for protection under the
deliberative process privilege.  This aspect of Exemption 5 protects the quality of agency
decision- making by permitting open and frank discussion on matters of policy between
subordinates and superiors; protecting against premature disclosure of proposed policies
before they are finally adopted; and protecting against the public confusion that might
result from disclosure of reasons and rationales that were not in fact ultimately the grounds
for an agency's action.

27.    Information withheld under this privilege must meet two tests:  first, it must
be pre-decisional, that is, antecedent to the adoption of an agency decision and second, it
must be deliberative, that is, play a direct part in the agency's deliberative process by
making recommendations or expressing opinions on legal or policy matters.

28.    The sections of the documents marked as Items 6-8 which the Division's
FOIA/PA Unit withheld under Exemption 5 are both pre-decisional and deliberative.  This
information was prepared by Division attorneys as part of the deliberative process prior to

making a recommendation to the Assistant Attorney General of the Criminal Division (the Department official with delegated authority to authorize applications for wiretaps). These memoranda preceded the final decision of whether to authorize the application for continued wiretaps, and express opinions and provide recommendations relevant to the final decision.

29.    Items 5, 8, and 11 set forth Division attorneys' thoughts, opinions, candid discussions, and recommendations concerning the need for continued interception of oral communications. The fear that such information would, at a later time, be made available to the public would inhibit candor and diminish the overall quality of the decisional process. As discussed in paragraph 24, factual information in these items is exempt in its entirety pursuant to the attorney work-product aspect of Exemption 5.

30.    Furthermore as set forth in paragraph 16 above, certain factual material, relied upon to recommend continued interception of wire communications, constitutes information properly withheld under FOIA Exemption (b)(3).

31.    The withheld Items marked 15 and 16 also fully fall within the protection of Exemption (b)(5). These items include a cover memorandum and the prosecutive memorandum dated August 11, 1982. The items contain crucial elements of the deliberations in making key decisions in prosecuting the case. These documents are withheld under both the deliberative process privilege and the attorney work-product privilege. Both documents were prepared in advance of trial and reveal the attorney's thought processes and litigation strategy. As described above, disclosure of these types of

memoranda would harm the adversarial process that Exemption (b)(5) seeks to protect.[6]

## Exemptions 6 & 7(C)

32.    FOIA exemptions 6 and 7(C) permit the withholding of:

(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information.

> (C)    could reasonably be expected to constitute an unwarranted invasion of personal privacy ...

5 U.S.C. §§ 552(b)(6) and (7)(C).

33.    FOIA Exemption 6 protects personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes, production of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

34.    Exemptions 6 and 7(C) each require a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test.

35.    Pursuant to Exemptions 6 and 7(C), the Criminal Division's FOIA/PA Unit withheld:

---

[6] These two items, which were withheld in full: do not fall within the timeframe of 1990-2002; do not mention wiretaps or evidence obtained from wiretaps; and are not within the scope of Plaintiff's lawsuit.

&#9656;   <u>From Items 6, 6a, 6b</u> - the name and address of a target of the application for interception of oral communications as well as the names of additional subjects of the criminal investigation;

&#9656;   <u>From Items 7,7a, 7b</u> - the name and address of the target of the application for interception of oral communications, as well as the names of additional subjects of the criminal investigation;

&#9656;   <u>From Item 8, 8a, 8b</u> - the name and address of the target of the application for interception of oral communications, as well as the names of additional subjects of the criminal investigation;

&#9656;   <u>From Item 9</u> - the name and address of a target of the application for interception of oral communications, as well as the names of additional subjects of the criminal investigation;

&#9656;   <u>From Item 10</u> - the name and address of a target of the application for interception of oral communications, as well as the names of additional subjects of the criminal investigation;

&#9656;   <u>From Item 11</u> - the name and address of a target of the application for interception of wire communications, as well as the names of additional subjects of the criminal drug investigation;

The individuals whose identities were withheld, as set forth above, were not the requester.

36.     The items referenced above were compiled in connection with a criminal investigation into violations of federal law involving racketeering activity, wire fraud, money laundering, loan sharking, extortion, obstruction of justice, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 892, 893, 894, 1343, 1503, 1951, 1956, 1962, and 1963; securities fraud, in violation of 15 U.S.C. § 78; and embezzling funds from a labor organization, in violation of 29 U.S.C. § 501(c); and, as such, meet the threshold requirement of FOIA Exemption 7 of "records or information compiled for law enforcement purposes."

37.     In this case, the individuals whose identities have been protected were either the subjects of the criminal investigation, the targets of the applications for interception of

communications, or other individuals referenced in conjunction with the investigation and the intercepted communications.

38.      The individuals whose identities have been protected all maintain a substantial privacy interest in not being identified with a criminal law enforcement investigation.  Identifying individuals as either the subjects of criminal investigations or being associated with such investigations can subject them to innuendo, embarrassment, and stigmatization or even harassment, retaliation and reprisals.

39.      On the other hand, revealing such information is unlikely to add to the public's understanding of how an agency works or how well it performs its statutory duties.[7]  On balance, the FOIA/PA Unit determined that the substantial privacy interest, which is protected by withholding this information, outweighs any minimal public interest, which would be served by its release.  Such disclosure would be "clearly unwarranted" pursuant to 5 U.S.C. § 552(b)(6).  Since this is the higher of the two standards of invasion of privacy, the release of this information also would be "unwarranted" pursuant to 5 U.S.C. § 552(b)(7)(C).

40.      The initial response also made excisions pursuant to Exemptions (b)(6) and (b)(7)(C) to Items 12-14 to remove the initials and names of Criminal Division employees.  After reviewing these excisions, it was determined that the documents could be released in full.  Unredacted copies of the documents are attached to this declaration.  Exhibit 3.

### EXEMPTION 7(D)

---

[7]Official information that sheds light on an agency's performance of its statutory duties falls squarely within the statutory purpose of the FOIA.  That purpose is not fostered, however, by disclosure of information about private citizens that reveals little or nothing about an agency's own conduct.  See United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 748, 773, 109 S.Ct. 1468, 1481-82 (1989).

41.    Exemption 7(D) permits the withholding of:

(7)    records or information compiled for law enforcement
purposes, but only to the extent that the production of such
law enforcement records or information

(D) could reasonably be expected to disclose the identity of a
confidential source, including a state, local, or foreign agency or
authority or any private institution which furnished information on a
confidential basis, and, in the case of a record or information
compiled by a criminal law enforcement authority in the course of a
criminal investigation, or by an agency conducting a lawful national
security intelligence investigation, information furnished by a
confidential source.

5 U.S.C. § 552(b)(7)(D).

42.    Exemption 7(D) is designed to ensure that the government will not lose

confidential sources of information either through retaliation against the sources for past

disclosure or because of the sources' fear of future disclosure.  The success of government

investigations and law enforcement proceedings depends on the ability of law enforcement

agencies to obtain the cooperation of confidential sources.

43.    Exemption 7(D) protects both the identity of confidential sources and

information provided by the sources when such information has been provided in

confidence or trust with the understanding that it would not be disclosed to others.

44.    Pursuant to Exemption 7(D), the Division's FOIA/PA Unit withheld,

▸    From Items 6, 7, 8 - information which would identify confidential sources
as well as the specific information or assistance which this source provided
to federal investigators.

45.    As set forth above, these items were compiled in connection with criminal

law enforcement proceedings and thus meet the threshold requirement of Exemption (b)(7).

46.    Based upon an assessment of the facts and circumstances, I have determined

14

that the informant's cooperation was provided under circumstances where an assurance of confidentiality could reasonably be inferred.  As noted, the nature of the crimes being investigated included racketeering activity, wire fraud, money laundering, loan sharking, extortion, obstruction of justice, aiding and abetting, securities fraud, and embezzling funds from a labor organization.  The sources are not government agencies nor were the cooperating individuals law enforcement agents.  Consequently, based on the seriousness of the offenses investigated and the source's information, I have determined that the information was provided under circumstances in which a promise of confidentiality can be inferred.

47.    As disclosure of this individual's identity, or information that could reasonably be expected to lead to their identification, would also constitute a clearly unwarranted invasion of personal privacy, this individual's identity has also been withheld under FOIA Exemptions 6 and 7(C) as explained in paragraphs 32-39 above.

**Summary**

48.    The non-exempt information has been segregated and released to Plaintiff through the Criminal Division's response of June 16, 2008.  These documents included Items 6-14.  Upon further review, Items 12-14 have been released to Plaintiff in full.  The documents released in part include information regarding the authorization to intercept oral communications.  The documents that have been withheld in full have been reviewed and the basis for withholding the documents are explained above.  Also as explained above, the documents withheld in full do not relate to Plaintiff's request for information regarding wiretaps or other interception nor do they discuss evidence obtained through wiretaps or other intercepts.

15

49.    The relief that Plaintiff seeks in his complaint is to obtain, "...all of the wire taps that were illegally obtained."  For clarification, the documents released in part to Plaintiff including Items 6-11 refer to the "authorization" for the interception order application, but are not complete copies of the actual communication that was intercepted. Plaintiff would have to pursue his request with the agencies that requested the authorization for the interception order and those agencies include the FBI and the U.S. Attorney's Office.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: 5/6/09


PAMELA A. ROBERTS
Deputy Chief of Litigation
FOIA/PA Unit
Criminal Division, Office of Enforcement Operations
U.S. Department of Justice

PRIVACY ACT IDENTIFICATION AND REQUEST FORM

_2005009080_

TO: FOIA/PA UNIT, CRIMINAL DIVISION          FILE NO. ~~CRM200500647F~~
DOJ, KEENEY BUILDING, SUITE 1127
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20530.                      DATE: _8/25/05_

PRIVACY ACT NOTICE: The following information is requested pursuant to Department of Justice Regulations (28 C.F.R. 16.41) in order to verify your identity and to assist in locating your records. False information may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

I request access to records or information pertaining to me in the system(s) of records checked on the attached list.                    2005

1. FULL NAME (Please print): _social security_
   _Prison # 03430-018_

   _Wolfson_            _Allen_              _Z (i.o.)_
   (LAST)               (FIRST)              (MIDDLE, IN FULL)

2. Date of Birth: _1/2/46_    Place of Birth: _Bronx New York._
                  mo./day/year

3. Present address: _80 29th Street Brooklyn NY 1 232_

4. Prior addresses: _268 West 400 South Salt Lake_
   _City Utah_

5. The approximate year or years during which you believe that a record about you may have been created: _1976 until present_

6. The judicial district(s) or state(s) where the events occurred about which you believe a record may have been created:
   _Tampa Florida,_

7. If married or divorced or separated, the full name of your spouse (if wife, please include maiden name): _divorced 1st Wife Joanne Carr_

8. If the record you believe to exist about you includes arrest, trial or conviction records:

   (a) The date of arrest, indictment or complaint against you:
   _1978, 1982, 1986, & 2003_

   (b) Approximate date of conviction: _1982 - until present_

   (c) Federal court and district in which trial or proceeding took place:
   _Tampa Florida, + New York_

   (d) Federal offense(s) involved: _CONSPIRACY mail fraud, other_
   _offenses_

   (e) Names of codefendant(s) (if any): _Ralp Monroe, Howard Bernstein_
   _Mike Grecco + others_

   In accordance with Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

   **EXHIBIT 1**

SEP  2005  Signature: _Allen Wolfson_          Date: _8/25/05_          Rev. 10/03

**CRIMINAL DIVISION**                    **PRIVACY ACT SYSTEMS OF RECORDS**

REQUESTER'S NAME _Allen Wolfson_        PA/CRM NO. ~~CRM2005006447~~

                                                    2005 00908P

### TO EXPEDITE YOUR REQUEST

      Please read the description of the information contained in each system of records before requesting a search of that system. Feel free to request a search of any system you reasonably think may contain records relating to you. However, if you have no reason to believe that a particular system of records will contain information about you, requesting that system may cause unnecessary delays in our response. <u>Please be aware that most Federal prosecutions are conducted by the local United States Attorney's Office, whose records may be requested from the Justice Department's Executive Office for United States Attorneys.</u> Also, if you are seeking records of other components of the United States Department of Justice (such as the FBI or the Drug Enforcement Administration) or of other agencies of the United States government, you should address your request directly to those components or agencies. A listing of addresses of FOIA contacts for all Federal agencies may be found at http://www.usdoj.gov/ foia/foiacontacts.htm.

✓  **JUSTICE/CRM - 001**     <u>Central Criminal Division Index File and Associated Records</u>

      This system contains information on persons referred to in potential or actual cases and matters of concern to the Criminal Division and correspondence on subjects directed or referred to the Criminal Division. This system also contains records which were maintained by the former Internal Security Division (now a Section of the Criminal Division).

      This system also contains records which are maintained by the <u>Narcotics & Dangerous Drug Section</u>. If you have reason to believe records concerning you may be retrieved from that Section please check here

N.A.  **JUSTICE/CRM - 002**     <u>Criminal Division Witness Security File</u>  (Not Available Under FOIA/P.A.)

      This system contains information on persons who are potential or actual witnesses and/or informants for whom federal protection has been considered or authorized. This system also contains information concerning relatives and associates of those individuals.

      PLEASE NOTE: All information pertaining to Witness Security matters is exempt from disclosure under the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2), and from the FOIA pursuant to Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3), in conjunction with 18 U.S.C. § 3521(b)(1)(G), a provision of the Witness Security Reform Act of 1984. Consequently, this information is not available through the FOIA/PA Unit. Information from this system can be requested <u>only by writing directly to</u>:

United States Department of Justice, Office of Enforcement Operations, Witness Security Unit, P.O. Box 7600, Washington, D.C. 20044-7600

      Pursuant to the Witness Security Reform Act, the Attorney General is required to evaluate each request on its merits, after weighing (1) the danger such a disclosure would pose to the witness, (2) the detriment it would cause to the general effectiveness of the witness security program, and (3) the benefit such disclosure would afford to the public or to the person seeking the disclosure. Therefore, you <u>must</u> include a detailed explanation of the purpose for which you are seeking the information and a statement of how you intend to use the material, if released.

**JUSTICE/CRM - 003**    File of Names Checked to Determine if Those Individuals have been the Subject of an Electronic Surveillance

This system contains information concerning grand jury witnesses, defendants, and potential defendants in criminal cases and their attorneys whose names have been submitted in response to, or anticipation of, discovery motions, to inquire whether they have ever been the subjects of electronic surveillance.

**JUSTICE/CRM - 004**    General Litigation and Legal Advice Section, Criminal Division, Central Index File and Associated Records

This system contains information on persons referred to in potential or actual cases and matters of concern to the General Litigation and Legal Advice Section, Criminal Division, and correspondence on subjects directed or referred to the Criminal Division.

**JUSTICE/CRM - 012**    Organized Crime and Racketeering Section, General Index File and Associated Records

This system consists of records created and/or maintained by the National Office, Organized Crime and Racketeering Section in Washington, D.C.  It contains information on persons who have been prosecuted or are under investigation for potential or actual federal criminal prosecution as well as persons allegedly involved in organized criminal activity and those alleged to be associated with the subject, who are or were of sufficient interest to the Division to warrant the compilation of records in Washington.

NOTE:         Should you desire a search of records of the Organized Crime and Racketeering Strike Force Field Offices for records created after January 1, 1990, you should address your request to the Executive Office for United States Attorneys, FOIA Unit, U.S. Department of Justice, Room 7100 BICN, Washington, D.C. 20530.

**JUSTICE/CRM - 017**    Registration and Propaganda Files Under the Foreign Agents Registration Act of 1938, as amended

This system contains the statement of the registrant and other documents filed under the Foreign Agents Registration Act of 1938, 22 U.S.C. § 611 et seq.

**JUSTICE/CRM - 018**    Registration Files of Individuals who have Knowledge of, or have Received Instruction or Assignment in Espionage, Counterespionage, or Sabotage Service or Tactics of a Foreign Government or of a Foreign Political Party

This system contains the statement of the registrant and other documents filed under 50 U.S.C. § 851.

✓ **JUSTICE/CRM - 019**    <u>Requests to the Attorney General for Approval of Applications to Federal Judges for Electronic Interceptions</u>

This system contains information on individuals who have been the subject of requests by federal investigative agencies for electronic surveillance.

✓ **JUSTICE/CRM - 021**    <u>The Stocks and Bonds Intelligence Control Card File System</u>

This system contains information on individuals, and their known associates, who are actual, potential, or alleged violators, of statutes dealing with stocks, bonds, and other securities.

✓ **JUSTICE/CRM - 022**    <u>Witness Immunity Records</u>

This system contains information on potential or actual witnesses for whom immunity (pursuant to 18 U.S.C. §§ 6001-6004 and 18 U.S.C. § 2514) is proposed.

✓ **JUSTICE/CRM - 024**    <u>Freedom of Information/Privacy Act Records</u>

This system contains copies of correspondence and internal memoranda related to Freedom of Information and Privacy Act requests received by the Criminal Division and related records necessary to the processing of such requests; files are arranged alphabetically under the name of the requester.

NOTE:    In the event you check the system of records designated as JUSTICE/CRM - 024, we will deem your request to be only for documents pertaining to the processing of records prior to your present request.

✓ **JUSTICE/CRM - 025**    <u>Tax Disclosure Index File and Associated Records</u>

This system contains information concerning taxpayers about whom the Criminal Division has requested and/or obtained disclosure of tax material from the Internal Revenue Service pursuant to 26 U.S.C. § 6103, on or after January 1, 1977.

(Check Below ) **JUSTICE/CRM - 026**    <u>Index of Prisoners Transferred and/or Extradited Under International Prisoner Transfer Treaties</u>

(Please check which portion applies to you, International Transfer, International Extradition, or both).

**International Transfer**    This system consists of alphabetical indices bearing individual names of prisoners involved in international transfers, and the tape recordings and occasional verbatim transcripts of consent verification hearing held pursuant to 18 U.S.C. §§ 4107 and 4108, as well as copies of consent verification forms.

_____   The **JUSTICE/CRM - 026** system also contains files concerning international extradition and
**International** mutual assistance agreements between the United States and foreign countries.
**Extradition**

_____**JUSTICE/CRM - 027**          Displaced Persons Listings (Concerning the years 1948 - 1952)

This system consists of visa investigation files assembled by the United States Army Counterintelligence
Corps for individuals who applied for entry visa into the United States under the Displaced Persons Acts in
force from 1948 to 1952.

A search of this system will not be conducted unless you indicate that you applied for a visa as a displaced
person during the period 1948 to 1952.

NOTE:          THE FOLLOWING SYSTEM OF RECORDS CONTAINS ONLY THE NAMES OF, OR
               INFORMATION CONCERNING CURRENT OR PAST EMPLOYEES OF THE CRIMINAL
               DIVISION OF THE DEPARTMENT OF JUSTICE

A search of this system will be conducted only if you advise us that you are, or were employed by the
Criminal Division of the Justice Department, and provide the dates of your employment.

_____**JUSTICE/CRM - 008**          Name Card File on Department of Justice Personnel Authorized to have
                                       Access to Classified Files of the Department of Justice

This system contains the names of current personnel of the Department of Justice, generally attorneys,
authorized to have access to records classified as Confidential, Secret and Top Secret.



**U.S. Department of Justice**

Criminal Division

_____

*Washington, D.C.  20530*

SEP 2 2 2005

CRM-200500908P

Mr. Allen Z. Wolfson
Reg. No. 03430-018
Metropolitan Detention Center
P.O. Box 329002, G-42
Brooklyn, NY 11232

Dear Mr. Wolfson:

This will acknowledge receipt of your Privacy Act request dated August 25, 2005, for Criminal Division records concerning you. Your request has been assigned file number 200500908P. Please refer to this number in any future correspondence with this Unit.

We will search the appropriate records system(s) and will respond to you further after we complete our searches. If you have any questions regarding the status of this request, you may contact Denise Kennedy on 202-616-0307.

Sincerely,

Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations

KH 9/19/05

1b
1/1/05

EXHIBIT 2

**FILE COPY**



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

CRM-200500908P

Mr. Allen Z. Wolfson
Reg. No. 03430-018
Metropolitan Detention Center
Post Office Box 329002, G-42
Brooklyn, NY 11232

Dear Mr. Wolfson:

This is in response to your request of August 25, 2005, for access to records concerning you.

We located (items 1-16) in the Criminal Division within the scope of your request. We have processed your request under the Freedom of Information Act and will make all records available to you whose release is either required by that statute, or considered appropriate as a matter of discretion.

In light of our review, we have determined to release items 1-5 in full, items 6-14 in part and to withhold items 15-16, (as described on the enclosed schedule) in full. We are withholding the records and portions of records indicated pursuant to one or more of the following FOIA exemptions set forth in 5 U.S.C. 552(b):

(3)    which permits the withholding of information specifically exempted from disclosure by statute (the applicable statute is 18 U.S.C. 2510 et seq., which restricts the release of records pertaining to interceptions of wire and oral communications);

(5)    which permits the withholding of inter-agency or intra-agency memorandums or letters which reflect the predecisional, deliberative processes of the Department;

(6)    which permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and

(7)    which permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...



FILE COPY

EXHIBIT 3

(C)     could reasonably be expected to
constitute an unwarranted invasion
of personal privacy, and

(D)     could reasonably be expected to disclose the identity
of a confidential source, including a State, local, or
foreign agency or authority or any private institution
which furnished information on a confidential basis,
and, in the case of a record or information compiled
by criminal law enforcement authority in the course
of a criminal investigation or by an agency
conducting a lawful national security intelligence
investigation, information furnished by a
confidential source.

We also located a record originated by the Federal Bureau of Investigation. Pursuant to
Department practice, we have referred this record to the originating office for review and direct
response to you.

You have a right to an administrative appeal of this partial denial of your request. Your
appeal should be addressed to: The Office of Information and Privacy, United States Department
of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the
envelope and the letter should be clearly marked with the legend "FOIA Appeal." Department
regulations provide that such appeals must be received by the Office of Information and Privacy
within sixty days of the date of this letter. 28 C.F.R. 16.9. If you exercise this right and your
appeal is denied, you also have the right to seek judicial review of this action in the federal
judicial district (1) in which you reside, (2) in which you have your principal place of business,
(3) in which the records denied are located, or (4) for the District of Columbia. If you elect to
file an appeal, please include, in your letter to the Office of Information and Privacy, the
Criminal Division file number that appears above your name in this letter.

Sincerely,

Rena Y. Kim, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

2

SCHEDULE OF DOCUMENTS WITHHELD IN FULL
(Refer to Body of Letter for Full Description of Each Exemption)

15. Memorandum, 8-11-1982, S. Michael Levin (Attorney) to Gerald McGuire (Criminal Division), 1 page.
Withheld in full pursuant to 5 U.S.C. 552 (b)(5).

16. Memorandum, 8-11-1982, W. Christian Hoyer (Attorney) to Gerard McGuire (Criminal Division), 12 pages.
Withheld in full pursuant to 5 U.S.C. 552 (b)(5). Withheld in part pursuant to 5 U.S.C. 552 (b)(6) and (7)(C).



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

TJM:KS:ts
typed 8-11-05                                        AUG 1 6 2005

CRM-200500647F

Mr. Allen Wolfson
Reg. No. 03430-018
Metropolitan Detention Center
P.O. Box 329002, G-42
Brooklyn, NY 11232

Dear Mr. Wolfson:

        This will acknowledge receipt of your letter of June 7, 2005 requesting records relating to you.

        We are unable to search for the records you requested because you have not furnished the following item(s) in compliance with 28 C.F.R. 16.41.

[ ]  Certification of Identification Form.  Notarized signature or Declaration pursuant to 28 U.S.C. Section 1746.

[X]  Privacy Act Identification and Request Form.  This form is requested because our experience indicates that many persons throughout the country have the same or similar names.

[X]  **CURRENT** Descriptive List of Systems of Records Maintained by the Criminal Division. Please review this list and indicate which systems you wished searched.

        A copy of each requested form is enclosed.

        We are closing out this request.  Upon receipt of the completed form(s), we will assign a new number to your request and process it.  Please return the requested form(s) to:

Thomas J. McIntyre, Chief
FOIA/PA Unit, Criminal Division
DOJ, Keeney Building, Suite 1127
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

**FILE COPY**

Please be advised that this Office processes only records maintained by the Criminal Division of the United States Department of Justice. Your request also seeks information maintained by one or more other components of the Justice Department, or other Federal agencies. The enclosed list contains the addresses of the other offices to which you may wish to send requests, if you have not done so already. We have highlighted any office you have mentioned specifically.

With respect to that portion of your request concerning third party individuals, either to confirm or deny whether we have records concerning individuals would constitute an unwarranted invasion of their personal privacy in that such action would reveal whether they have ever been a subject of interest to the Criminal Division. Absent either a notarized release from an individual, a showing that he or she is deceased, or that release of the information you are seeking would disclose the operations of the government sufficient to outweigh any privacy interests, we consider that this response is justified by the following exemptions in the FOIA: 5 U.S.C. §552(b):

    (6)    which permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and,

    (7)    which permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...

        (C)    could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Furthermore, since any records the Criminal Division might have within the scope of your request would be part of a Privacy Act (5 U.S.C. §552a) system of records, their release would be prohibited by that statute until it were determined either that release is required by the Freedom of Information Act, or that some other Privacy Act provision authorizes release. 5 U.S.C. §552a(b).

Therefore, no search of the Criminal Division's records systems will be undertaken unless you provide a notarized release from the individual, or a demonstration either that he or she is deceased or that the public interest in release overrides personal privacy interests. If you elect not to provide such additional information, you should treat this response as a denial of your request.

If you do provide such information, we will respond accordingly. Please note that if we should determine that your additional information requires us to confirm whether or not we have records within the scope of your request, and if we do have records, these records will be reviewed to determine if other FOIA exemptions apply.

If you treat this response as a denial of your request, either partial or full, you have a right to an administrative appeal. Department regulations provide that such appeals must be filed within sixty days of your receipt of this letter. 28 C.F.R. 16.9. Your appeal should be addressed to: Co-Director, Office of Information and Privacy, Flag Building, Suite 570, United States Department of Justice, Washington, D.C. 20530. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal." If, on appeal, this initial denial is affirmed in full or part, you may seek judicial review in a federal district court located in the District of Columbia, the district in which you reside, the one in which you have your principal place of business, or the one in which the records sought are located. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.

Sincerely,


Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit

U.S. Department of Justice          Notice of Closed File

--------------------------------------------------------------

To:  Files Unit                    | Division:  CRIMINAL

** YOU ARE ADVISED THAT THE FILE DESCRIBED BELOW HAS BEEN CLOSED **

| File Number: | Case Title: | Date Closed |
|---|---|---|
| 122-17M-116 | WOLFSON, ALLEN Z. | 12/31/95 |

Remarks/Special Information:

Signature:                         | Section/Office:
_Gina L. Murray_                   |
_Records Liaison_                  | APPELLATE SECTION

Previous Edition & Form OBD-25A Obsolete          Form OBD-25
                                                  MAR. 90

U.S. Department of Justice                                    Notice of Closed File

| o: Files Unit | Division |

### YOU ARE ADVISED THAT THE FILE DESCRIBED BELOW HAS BEEN CLOSED

| ile Number: | Case Title: | Date Closed: |
|---|---|---|
| *E, 17m-1287* | *Alan B Wolson* | *1988* |

emarks/Special Information:

| ignature: | Section/Office: |

*U.S. GPO: 1991-282-069/44130          Previous Edition and Form OBD-25A Obsolete

FORM OBD-25
MAR. 90



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                    Washington, D.C. 20530

JUL 1 0 2008

Mr. Allen Wolfson
Register No. 03430-018
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

Re:  Request No. CRM- 200500908P

Dear Mr. Wolfson:

This is to advise you that your administrative appeal from the action of the Criminal Division was received by this Office on July 9, 2008.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number 08-2211.  Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist


RECEIVED
JUL 1 1 2008

**EXHIBIT 4**

P M.



PA 08-2211
ⓐ
CRM

OFFICE OF INFORMATION
AND PRIVACY

JUL 0 9 2008

RECEIVED

Allen Wolfson App
03430 - 018
MDC
P. O Box 329002
Brooklyn New York.

Re: Appeal of CRM 200500908P
"FOIA APPEAL"

Dear Rena Kim, Chief
        I hereby put you on
notice that I have a right
to an administrative appeal
of the partial denial of my
request. I believe that all
of the material that has
been withheld in my situation
is Brady Material and the U.S
attorney had a legal duty to
present these documents before
my criminal trial These records
would indicate that I am
not involved in any of the
various activities that were
used to get a court order
to intercept my phone conversations.
It also shows that someone in

the government has been
spying on me from 1991
until at least 2000. Also
I need to know who
authorized Joseph Paul to
use wire tapes on me.
    I believe that all the
tapes have to be turned over
to me since they are consider
Brady Material and critical to
my defense in my criminal cases.
    Your assistance in this
matter is appreciated

                    Respectfully

                    Allen Wolfson
                    Allen Wolfson



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

SEP 2 3 2008

Mr. Allen Z. Wolfson
Register No. 03430-018
Federal Medical Center          Re:    Appeal No. 08-2211
Post Office Box 879                    Request No. CRM-200700908P
Ayer, MA  01432                        KAH:CGG        200500908

Dear Mr. Wolfson:

   You appealed from the action of the Criminal Division of the United States Department of Justice on your request for access to records pertaining to yourself.

   After carefully considering your appeal, I am affirming the Criminal Division's action on your request. The records responsive to your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.91 (2007). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

   The Criminal Division properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

   5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release by statute (in this instance, 18 U.S.C. § 2510, which protects information obtained through electronic surveillance);

   5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the attorney work-product and deliberative process privileges;

   5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and

   5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties;

RECEIVED
SEP 24 2008

**EXHIBIT 5**

-2-

5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources.

In addition, the Criminal Division referred certain records to the Federal Bureau of Investigation for processing and direct response to you.  These referrals were proper and in accordance with Department of Justice regulations.  See 28 C.F.R. § 16.4(c) (2007).

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director