UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLEN WOLFSON )
    Plaintiff, ) Civil Action No. 09-CV-0304(ESH)
)
) OBJECTION TO DEFENDANTS MOTION
v. ) FOR SUMMARY JUDGMENT AND REQUEST
) FOR TRIAL
UNITED STATES OF AMERICA, )
UNITED STATES DEPARTMENT )
OF JUSITICE OFFICE OF )
INFORMATION AND PRIVACY )
)
    Defendants. )
)

## OBJECTION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff operating Pro Se hereby moves that this Court not to grant a summary judgment for defendants on the grounds that there exists a genuine dispute about material facts and the disputed facts demonstrates that Plaintiff is entitled to a trial as a matter of law.

1. By letter dated June 16 2008 the FOIA Unit responded to plaintiff's Privacy Act request of August 25,2005, for access to records in his name and that sixteen Criminal Records (items 1-16) within the scope of his request were located.

2. Of the 16 itmes 1-5 and subsequently itmes 12-14 were released in full.

3. Items 6-11 were released in part.

4. Items 15-16 were withheld in full.

5. Plaintiff abjects to material with held pursuant to Exemptions 3,5,6,&(C) and 7(D) of the FOIA (5 U.S.C. § 552(b)(3), (5),(6),7(C) & 7(D).

6. Plaintiff was advised tht a record that originated with the

RECEIVED MAY 18 2009 NANCY MAYER WHITTINGTON, CLERK U.S DISTRICT COURT

-1-

Federal Bureau of Investigation was referred to that office for processing and a direct reply to Plaintiff. This inforamtion was illegally withheld during his trial in the Southern District Court of New York. This information should have been given to plaintiff as Brady Material. This information that was withheld was vital to plaintiff in his defense

PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION
OBJECTING TO A SUMMARY JDUGMENT.

By letter dated June 16,2008 the FOIA responded to Plaintiff's Pruivacy Act requested in August 25, 2008. this request was responded to in more than three years far in excess of the 20 days that is required to answer Plaintiff. Plaintiff was advised that a record originated with the Federal Bureau of Investigation and supposedly going to be processed by the FBI. This information should have been volintarily surrendered to him since it was Brady Material and Plaintiff should have recieved this material without any question.

In Plaintiff's complaint he mistakenly refers to the number incorrectly as "CRM 200700908P. Plaintiff agrees that the correct number is "CRM-200500908P".

LEGAL STANDARD OBJECTING TO SUMMARY JUDGMENT

Summary Judgment is not appropriate when the pleadings and the evidence demonstrate that there is a genuine issue as to any material fact and that the moving party is entitled to have his day in court. The moving party bears the initial responsibility of showing that there is no genuine issue of material fact that does not exists.

The court's jurisdiction under the FOIA extends to claims arising from the improper withholding of agency records. It becomes

readily apparent that there has to be thousands of pages of documnts that have been withheld. Because the wire taps were from 119-until 2002. What beocmes apparent since plaintiff uses the telphones extensively that there must be thousands of pages missing. Also the fact that these documents wee required to be turned over to plaintiff for him to adequately prepare his defense. It is quite clear that plaintiff has a genuine issue for trial

### The Agency's Research was unreasonable

The agency did not fulfill its obliagation under the FOIA. It has failed to demonstrate that its research was reasonably calculated to uncover all relevant docments. It is the agency who bears teh burden ot showing that its search was effective to uncover all relevant documents.

### The agency did not properly invoke Exemptions.

The agency and the FBI and the JUstice Department were required to turn over all Brady Material in order for palintiff to properly prepare for trial. This illegal withholding of doucments is in violation of Plaintiff's right to due process as guaranteed by the constitution.

### The Agency Did not Properly invoke FOIA Exemptions.

There was no personnel files or medical files reqested by Plaintiff. What was requested was all telphone converstions with Plaintiff. There is no invasion of privacy by plaintiff. The government is not balancing interests between the protection of plaintiff's since he is requesting all information regarding the tapping of his conversations. The plaintiff is quite sure that the tapping of his phones were an invasion of his privacy and illegal

survelliance by the government. Since there is no relevant public interest in the FOIA analysis and the disclosure was required by the justice department and the FBI to turn all of the tapes of plaintiff's telephone as Brady Material so that plaintiff could adequately prepare for trial.

The government calims they compiled the reocrds in connection with a cirminal investigation into violations of federal law involving racketeering axctivity, wire fraud, money laundering and loan sharking, extortion, obstruction of justice, and aiding and abetting in violation of 18 U.S.C.. Also embelezzing funds from a labor organization. plaintiff is convinced that the wire tap was given based on false information provide to the Court who issue the wire tap. This information that was withheld would prove porved that plaintiff was not gilty of bribery as alleged by the prosecutors in New York. The fact is that pl;aintiff is entitled to all Brady type material which these tapes are without a doubt would have helped prepare for his defense.

### The Agency did not properly invoke FOIA Exemption.

The exemption permitted the withholding of records that would have disclosed any identity of any confidential source. The agency disclosed the identity of Joesph Paul who originally recieved the the premission ot tap plaintiff's telephone. This permission was granted on false information and thus should have not been granted. The agency failed to show that the information on the tapping of pláintiff's telephone was being withheld under express assurances of confidentiality or that circumstances support an inference of ocnfidentiality.

### It is impossible that all reasonably Segregated Material has released to Plaintiff.

None of the material related to plaintiff's trial in New York should have been exempt and not given to palintiff as Brady Material. The statement that all non exempt information has been segreated and released is totally disengenuous.

CONCLUSION

For the foregoing reasons, a summary judgment should not be given the defendant and is not appropriate.

Respectfully,

*Allen Wolfson*
Allen Wolfson

CERTIFICATE OF SERRVICE IN CIVIL ACTION

No 09-CV-0304(ESH)

I hereby certify that on this 14th day of May 2009 a true and correct copy of the Motion Objecting to Summary Judgement was sent to the defendant via U.S. mail at the address below.

Terri L. Roman
Special Assistant United States Attorney
555 Fourth Street N.W.
Room E4823
Wshington D.C. 20530

Respectfully Submitted
Allen Wolfson