# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALLEN WOLFSON,<br>Reg. No.03430-018<br>FMC Butner 2H<br>P.O. Box 1600<br>Butner, NC 27509 | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.: 09-CV-0304 (ESH) |
| UNITED STATES OF AMERICA, | ) ) | |
| UNITED STATES DEPARTMENT<br>OF JUSTICE OFFICE OF<br>INFORMATION AND PRIVACY | ) ) ) ) | |
| Defendants. | ) ) ) | |

## SUPPLEMENTAL DECLARATION OF RENA Y. KIM

I, Rena Y. Kim, declare the following to be true and correct:

1. I am an attorney and the Chief of the Freedom of Information Act/Privacy Act (FOIA/PA) Unit in the Criminal Division (CRM), a component of the United States Department of Justice assigned to the Office of Enforcement Operations. In that capacity, my duties include managing the Unit's responses to all requests and complaints in lawsuits filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.,* and the Privacy Act ("PA"), 5 U.S.C. § 552a *et seq.* I supervise the Unit's processing of FOIA and PA requests, and with the attorneys and paralegals assigned to the Unit, confirm that determinations to withhold or to

release records of the Criminal Division have been made in accordance with the provisions of both the FOIA and the PA, and with Department of Justice regulations at 28 C.F.R. § 16.1 *et seq.* In such capacity, my duties also include, *inter alia*, reviewing complaints in lawsuits filed under both the Freedom of Information Act and the Privacy Act, and providing litigation support and assistance to Assistant United States Attorneys and to Department of Justice trial attorneys litigating these cases in District Court. In conjunction with these duties, I review processing files that have been compiled by the paralegal processors, and reviewed by supervisory paralegals and/or by the FOIA/PA Unit Deputy Chief in responding to FOIA/PA requests received by the Unit. I make this declaration on the basis of information acquired through the performance of my official duties, review of the processing file compiled in response to this request, and on the basis of information provided to me by other members of the FOIA Unit and various offices within the Criminal Division.

2. The purpose of this declaration is to supplement the previously filed Declaration of Pamela A. Roberts dated May 6, 2009 ("Roberts Decl.") in light of the instructions contained in this Court's Memorandum Opinion and Order dated October 2, 2009 ("Order").

3. The Order states that, "Plaintiff argues that the DOJ 'did not fulfill its obligation under the FOIA' because '[i]t has failed to demonstrate that its research was reasonably calculated to uncover all relevant documents.' Objection to Motion for Summary Judgment at 3." The Order further states that, "Although the declarant

2

adequately explains that all of the systems of records designated by the plaintiff have been searched, she does not explain what each search entails. Nothing in the declaration explains in any detail the method and scope of the searches or the search terms used." Consequently, the Court ordered that, "Defendant shall submit a supplemental declaration regarding the search or searches conducted by the Department of Justice, Criminal Division, in response to plaintiff's August 25, 2005 request for information."

## SUPPLEMENTAL DESCRIPTION OF THE SEARCHES

4. Pursuant to long-standing FOIA/PA search procedures, a search sheet with a copy of the Plaintiff's request is transmitted to all sections that could potentially have records responsive to Plaintiff's request. A copy of the "Privacy Act Identification and Request Form" which Plaintiff had completed was forwarded with the search sheets. *See* Exhibit 5 to Roberts Decl. Designated personnel employed by the pertinent sections undertake a search for responsive materials and report the results by means of individual, signed forms to the Criminal Division FOIA/PA Unit. By this means, the Criminal Division aims to ensure that its searches fully meet the criteria established under the Freedom of Information Act and the Privacy Act and interpretative decisional law.

5. The DOJ Criminal Division fulfilled its obligation under the FOIA, and can demonstrate that its searches for responsive documents pertaining to the Plaintiff were reasonably calculated to uncover all relevant documents. The following is a detailed description that includes the method and the scope of the searches, and the

3

search terms used by each of the Criminal Division Sections in searching their respective Privacy Act system(s) of records.

6. As explained in the Roberts Decl., since it was processing a request from an individual seeking information on himself, the Criminal Division began by electronically searching its centralized records index, "JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records" under the term "Allen Z. Wolfson." When a search of this Central Index reflected responsive or potentially responsive records, a search was sent to the Criminal Division Section identified as having custody of the records for such records. In this instance a search of the JUSTICE/CRM-001 system revealed six separate indexes located in the Federal Records Center. Specifically, these indexes indicated that potentially responsive records may exist from the following Criminal Division Sections: the Appellate, the Fraud and the Public Integrity Sections, as well as the FOIA/PA Unit. Each of these sections searched for responsive documents that may pertain to the Plaintiff. The specifics of the searches by the Criminal Division's Appellate and Public Integrity Sections are below. Please note that the Fraud Section's search is described in paragraph 16 in conjunction with the Plaintiff's request that CRM-021 system be searched. The FOIA/PA Unit's search is described in paragraph 13 in conjunction with the Plaintiff's request that CRM-024 system be searched.

7. The Appellate Section electronically searched the terms, "Allen Z. Wolfson," "A. Wolfson," and "Wolfson" in their Supreme Court system and manually searched

their Supreme Court hard copy files. No responsive documents were found under the Plaintiff's name.

8. The Public Integrity Section electronically searched their Automated Case Tracking System (ACTS), their Classification Tracking System, and Excelerator System. They also manually searched their attorneys' files under the search terms, "Allen," "Allen Z," and "Wolfson." No responsive records were found.

9. In addition, the Criminal Division also affords requesters the opportunity to designate specific Privacy Act systems of records to be searched by means of a form listing the Division's systems of records and a short description of the nature of records maintained in each and allowing requesters to designate specific systems to be searched merely by placing a check mark adjacent to the system description. Here, the Plaintiff requested that searches be undertaken of the following Privacy Act systems: JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records); JUSTICE/CRM-003 (File of Names Checked to Determine if those Individuals have been the Subject of an Electronic Surveillance); JUSTICE/CRM-004 (General Litigation and Legal Advice Section); JUSTICE/CRM-012 (Organized Crime and Racketeering Section); JUSTICE/CRM-017 (Registration and Propaganda Files Under the Foreign Agents Registration Act of 1938, as amended); JUSTICE/CRM-019 (Requests to the Attorney General for Approval of Applications to Federal Judges for Electronic Interceptions); JUSTICE/CRM-021 (The Stocks and Bonds Intelligence Control Card File System); JUSTICE/CRM-022 (Witness Immunity Records);

JUSTICE/CRM-024 (Freedom of Information/Privacy Act Records);

JUSTICE/CRM-025 (Tax Disclosure Index File and Associated Records); and

JUSTICE/CRM -008 (Name Card File on Department of Justice Personnel

Authorized to have Access to Classified Files of the Department of Justice). *See*

Exhibit 6 to Roberts Decl.

10. The specifics of the searches conducted by each of the Criminal Division Sections

of the 11 Privacy Act systems of records selected by the Plaintiff are outlined as

below.

11. The Policy and Statutory Enforcement Unit (PSEU), the Electronic Surveillance

Unit, and the FOIA/PA Unit are part of the Criminal Division's Office of

Enforcement Operations (OEO). The OEO PSEU and its predecessor, the Witness

Immunity Unit (that existed in 2005, but was later combined into PSEU), conducted

both electronic and manual searches of the Justice/CRM-004 (General Litigation

and Legal Advice Section, Criminal Division, Central Index File and Associated

Records), the Justice/CRM-022 (Witness Immunity Records), and the Justice/CRM-

025 (Tax Disclosure Index File and Associated Records) systems. The PSEU also

conducted a manual search of their index cards referencing tax disclosures,

electronic surveillance requests, and public parole benefit files under the search

term, "Allen Z. Wolfson." All of the records have already been processed in our

previous response to the Plaintiff.

12. The OEO Electronic Surveillance Unit electronically searched the JUSTICE/CRM-

003 (Files of Names Checked to Determine if Those Individuals have been the

6

Subject of an Electronic Surveillance), and the JUSTICE/CRM-019 (Requests to the Attorney General for Approval of Applications to Federal Judges for Electronic Interceptions) systems under the name "Allen Z. Wolfson." All of the records have already been processed in our previous response to the Plaintiff.

13. The OEO FOIA/PA Unit electronically and manually searched the JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records) system, and the JUSTICE/CRM-024 (Freedom of Information/Privacy Act Records) system under "Allen Z. Wolfson." All of the records have already been processed in our previous response to the Plaintiff.

14. The Organized Crime and Racketeering Section conducted an electronic search of the JUSTICE/CRM-012 (Organized Crime and Racketeering Section, General Index File and Associated Records) system. In addition, they also searched their Automated Case Tracking System (ACTS) and their Classification Tracking System under the search terms, "Allen," "Allen Z," and "Wolfson." No records were found.

15. The Counterespionage Section conducted an electronic search of the JUSTICE/CRM-017 (Registration and Propaganda Files Under the Foreign Agents Registration Act of 1938) system. They also searched their Automated Case Tracking System (ACTS) and their Foreign Agents Registration (FARA) database under the search term, "Allen Wolfson." No records were found.

16. The Fraud Section conducted both electronic and manual searches of the JUSTICE/CRM-021 (Stocks and Bonds Intelligence Control Card File System).

They also conducted an electronic search of their Automated Case Tracking System (ACTS), and requested that their attorneys do manual searches of their litigation files under the search term, "Allen Z. Wolfson." All of the records have already been processed in our previous response to the Plaintiff.

17. The JUSTICE/CRM-008 (Name Card File on Department of Justice Personnel Authorized to have Access to Classified Files of the Department of Justice) system was not searched because the Plaintiff gave no indication that he has ever been an employee of the Department of Justice. This system contains only records about present and former personnel of the Department.

18. Finally, to ensure that the searches for documents responsive to Plaintiff's request were reasonably calculated to uncover all relevant documents, the Criminal Division also requested the Computer Crime and Intellectual Property Section (CCIPS) to conduct a search. CCIPS conducted both manual and electronic searches of their ACTS system and IMPACTS, their internal workload tracking database under the search term, "Allen Z. Wolfson." No documents were found.

## SUMMARY

19. The non-exempt information has been segregated and released to Plaintiff through the Criminal Division's response of June 16, 2008. As demonstrated by the detailed descriptions of each of the searches undertaken, the Criminal Division fulfilled its obligation under the FOIA, and has demonstrated that its searches for documents responsive to Plaintiff's request were reasonably calculated to uncover all relevant documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of October 2009

RENA Y. KIM
Chief
FOIA/PA Unit
Criminal Division, Office of Enforcement Operations
U.S. Department of Justice

9